NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    )
THE UNITED STATES SMALL BUSINESS    )
ADMINISTRATION AS RECEIVER FOR      )
PENNY LANE PARTNERS, L.P.,          )
                                    )
            Plaintiff,              )
                                    )     Civil Action No. 08-2245 (GEB)
      v.                            )
                                    )     **MEMORANDUM OPINION**
STEVEN BERGER,                      )
                                    )
            Defendant.              )
_____ )

**BROWN, Chief Judge**

This matter comes before the Court upon Defendant Steven Berger's ("Defendant") Motion to Dismiss and Plaintiff the United States Small Business Administration as Receiver for Penny Lane Partners L.P.'s ("Plaintiff" or "SBA") Cross-Motion for Default Judgment. The Court has reviewed the parties' submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will deny Defendant's Motion to Dismiss and deny Plaintiff's Motion for Default Judgment.

**I.    BACKGROUND**

The undersigned appointed the Plaintiff on May 16, 2006, as Receiver during the resolution of the ancillary matter United States v. Penny Lane Partners, L.P., Civil Action No. 06-1894. The SBA filed the instant complaint on May 9, 2008, "as receiver for Penny Lane Partners, L.P." ("Penny

1

Lane") against Defendant. (Docket Entry No. 1.) An Affidavit of Service for Summons and Complaint served on Defendant was filed on June 4, 2008. (Docket Entry No. 3.) Thereafter, on July 16, 2008, Defendant filed a Motion to Dismiss. (Docket Entry No. 5.) The following day, on July 17, 2008, the SBA filed its request for default. (Docket Entry No. 6.) According to the docket on the Case Management/Electronic Filing System ("CM/ECF"), the Clerk's Office denied Plaintiff's request for Entry of Default "due to motion filed and notice of appearance" that were the filed in the matter prior to Plaintiff's request for default. Plaintiff filed a Cross Motion for Default Judgment on August 20, 2008. (Docket Entry No. 9.) The Court's consideration of these motions follows.

## II.  DISCUSSION

### A.  MOTION TO DISMISS

Although Defendant failed to file a brief in support of his motion, he seemingly argues that he was not properly served. (Docket Entry No. 5.) Defendant's attorney also filed a one-page certification, which states that he certifies that "[t]he proof of service demonstrates that papers, if left, were left with a minor in the household." (Docket Entry No. 5-2.)

Plaintiff argues that the Court should not consider Defendant's motion because it is "procedurally defective for failure to comply with the provisions of Local Rule 7.1 and 7.2(a)" insofar as it "offers no evidence to support his motion to dismiss" and because no brief was filed and no certification was filed stating that a brief is not necessary. (Docket Entry No. 8-5 at 7.) Plaintiff argues that the Court should deny the motion because "[t]he motion to dismiss does not include any evidence of improper service of an affiant with personal knowledge." (Docket Entry No. 8-5 at 9.)

Plaintiff also argues that if the Court determines that service was ineffective, the Court should not dismiss the matter without first considering "'whether good cause exists for an extension of time' before dismissing the complaint." ((Docket Entry No. 8-5 at 11) (citing Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305-06 (3d Cir. 1995)).) Finally, Plaintiff argues that Defendant's motion is frivolous, and should be dismissed as a result. (Docket Entry No. 8-5 at 12.)

The Court concludes that Defendant's submission to the Court is procedurally defective, that Plaintiff has not provided adequate argument or support for the arguments that may be gleaned from his submissions, and that therefore, the Court cannot determine the bases upon which Plaintiff's motion rests. Because Plaintiff's Motion to Dismiss has been filed in violation of Local Civil Rules of Procedure 7.1 and 7.2, the Court will deny the motion.

### B.   MOTION FOR DEFAULT JUDGMENT

Plaintiff argues that this Court should grant its Motion for Default Judgment because Defendant failed to timely file his Motion to Dismiss, and because he has failed to "move[] for an extension of time to appear, move and/or answer" in violation of the twenty-day requirement pursuant to Federal Rule of Civil Procedure 12(a)(1) and (4). (Docket Entry No. 8-5 at 13.) Plaintiff further argues that the Court should conclude that Defendant's Motion to Dismiss is frivolous and for this reason the Court should not exercise its discretion to extend the time to answer. ((Id.) (citing Resolution Trust Corp. v. Ruggiero, 994 F.2d 1221, 1227 (7th Cir. 1993)).) Plaintiff also argues that "[c]ourts in other Districts have held that the filing of a motion to dismiss does not extend the time for filing an answer to an amended complaint, at least in the circumstance where the time for responding to the original complaint has already run." ((Docket Entry No. 8-5 at 14) (citing Gen.

Mills, Inc. v. Kraft Foods Global, Inc., 487 F.3d 1368 (C.A. Minn 2007), decision clarified on rehearing, 495 F.3d 1378 (Fed. Cir. 2007)).)

Defendant failed to file opposition to the Motion for Default Judgment.

### 1. Standard of Review

Default is governed by Federal Rule of Civil Procedure 55. FED. R. CIV. P. 55. Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, No. 07-1522, 250 F.R.D. 171, 177, 2008 U.S. Dist. LEXIS 28324 (D.N.J. April 7, 2008) (citation omitted). "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 U.S. Dist. LEXIS 28066 (D.N.J. April 1, 2008) (citing Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1983)).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, 250 F.R.D. at 177 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir.1987) (stating that "we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice,

default is a sanction of last resort." Id. (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir.1984)) .

### 2. Analysis

The Office of Clerk of Court denied Plaintiff's request for an entry of default under Federal Rule of Civil Procedure 55(a), and the Court therefore cannot enter default judgment under Rule 55(b). Husain v. Casino Control Comm'n, No. 07-3636, 265 Fed. Appx. 130, 2008 U.S. App. LEXIS 3700, at *4 (3d Cir. Feb. 20. 2008) (stating that "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)"). See also Bank of Nova Scotia v. James, No. 2005-08, 2008 U.S. Dist. LEXIS 79240 (V.I. Oct. 8, 2008); Mims v. McCall, No. 06-4551, 2008 U.S. Dist. LEXIS 43092 (D.N.J. June 2, 2008); 10A Charles Alan Wright, Federal Practice and Procedure § 2682 (2007) (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). Here, the Office of Clerk of Court noted on the Docket that it denied entry of default because Defendant had already filed the Motion to Dismiss. Although the Court has noted that Defendant failed to timely file his motion to dismiss in lieu of answer, Plaintiff likewise failed to request entry of default until the day after Defendant's attorney filed the motion to dismiss.

As a result, the Court concludes that Plaintiff's Motion for Default Judgment is denied.

### III.   CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss and denies

Plaintiff's Motion for Default Judgment.  An appropriate form of Order accompanies this Opinion.


Dated: December 19, 2008

  s/ Garrett E. Brown, Jr.
  GARRETT E. BROWN, JR., U.S.D.J.