NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    )
THE UNITED STATES SMALL BUSINESS    )
ADMINISTRATION AS RECEIVER FOR      )
PENNY LANE PARTNERS, L.P.,          )
                                    )
            Plaintiff,              )
                                    )    Civil Action No. 08-2245 (GEB)
     v.                             )
                                    )    **MEMORANDUM OPINION**
STEVEN BERGER,                      )
                                    )
            Defendant.              )
_____)

**BROWN, Chief Judge**

This matter comes before the Court upon Defendant Steven Berger's ("Defendant") Motion for Extension of Time to File Answer (Doc. No. 14) and Plaintiff the United States Small Business Administration as Receiver for Penny Lane Partners L.P.'s ("Plaintiff" or "SBA") Cross-Motion for Default Judgment (Doc. No. 17). The Court has reviewed the parties' submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will deny Defendant's Motion for Extension of Time to file Answer and grant Plaintiff's Motion for Default Judgment.

**I.    BACKGROUND**

The undersigned appointed the Plaintiff on May 16, 2006, as Receiver during the resolution of the ancillary matter United States v. Penny Lane Partners, L.P., Civil Action No.

06-1894.  The SBA filed the instant complaint on May 9, 2008, "as receiver for Penny Lane Partners, L.P." ("Penny Lane") against Defendant.  (Doc. No. 1.)  An Affidavit of Service for Summons and Complaint served on Defendant was filed on June 4, 2008.  (Doc. No. 3.)  Thereafter, on July 16, 2008, Defendant filed a Motion to Dismiss.  (Doc. No. 5.)  The following day, on July 17, 2008, the SBA filed its request for default.  (Doc. No. 6.)  According to the docket on the Case Management/Electronic Filing System ("CM/ECF"), the Clerk's Office denied Plaintiff's request for Entry of Default "due to motion filed and notice of appearance" that were the filed in the matter prior to Plaintiff's request for default.  Plaintiff filed a Cross Motion for Default Judgment on August 20, 2008.  (Doc. No. 9.)

In a memorandum opinion and order dated December 19, 2008, the Court denied the motion to dismiss and the motion for default judgment.  (Doc. Nos. 11, 12.)  The Court denied the motion to dismiss because it was "filed in violation of Local Civil Rules of Procedure 7.1 and 7.2." (Opinion 3, Dec. 19, 2008; Doc. No. 11.)  In addition, the Court denied the motion for default judgment because "Plaintiff . . . failed to request entry of default until the day after Defendant's attorney filed the motion to dismiss" and accordingly, Plaintiff's motion did not comply with the requirements set forth in Federal Rule of Civil Procedure 55.  (Id. at 5.)

Thereafter, Defendant failed to file answer in accord with the Rules of Civil Procedure, and on April 28, 2009, Plaintiff filed a second request for default.  (Doc. No. 13.)  The Clerk's Office entered default on April 29, 2009.  Subsequently, Defendant filed a Motion for Extension of Time to File Answer on August 26, 2009, and Plaintiff filed a Cross Motion for Default Judgment on October 5, 2009.  (Doc. Nos. 14, 17.)  While Plaintiff filed opposition to Defendant's Motion for Extension of Time to File Answer (Doc. No. 20), Defendant did not file

2

opposition to the Motion for Default Judgment. The Court's consideration of these motions follows.

## II.     DISCUSSION

### A.     The Parties' Arguments

Defendant argues that the Court should grant its Motion for an Extension of Time to File Answer for several reasons. In the letter to the Court, Defendant states that after the Court ruled on the motion to dismiss and denied the motion, "[a]n appeal was immediately filed and we had assumed that this put a stay on the matter." (Letter 1-2, Aug. 26, 2009; Doc. No. 14-1.) In addition, Defendant argues that "there is no prejudice for filing out of time" because should Plaintiff prevail in this action, interest would accrue. (Id. at 2.)

Plaintiff, however, opposes Defendant's motion and has filed a Cross Motion for Default Judgment. Plaintiff argues in opposition that rather than filing a motion to file answer out of time, Defendant instead filed a motion for extension of time to file answer. (Pl.'s Opp. Br. at 1; Doc. No. 20.) In addition, Plaintiff points out that Defendant has failed to provide a reason to explain, in accord with Federal Rule of Civil Procedure 6(b)(1)(B), why Defendant failed to file answer. (Id. at 2.) Plaintiff also argues that Defendant failed to file a brief and affidavit in violation of the requirements of the Local Rules of Civil Procedure. (Id.) Moreover, Plaintiff points out that while Defendant states in his letter that an appeal was previously filed in this matter and that this matter was "administratively consolidated" with other ancillary actions, neither representation is true. (Id.) Plaintiff argues that Defendant's answer was originally due on June 19, 2008, and after this Court denied Plaintiff's motion to dismiss, Defendant's answer

3

was thereafter due on January 8, 2009. (Id.) Plaintiff maintains that for all these reasons, not only should Defendant's motion be denied, but that the Court should enter default judgment as well. (Id.)

Plaintiff argues that the Court should grant its Cross Motion for Default Judgment because Defendant "has given no indication that he will meaningfully defend himself in this action;" because "[h]e has never filed an answer . . . despite having two opportunities to do so;" and because Defendant failed to respond in a timely manner when the Clerk entered default against Defendant on April 29, 2009. (Id. at 2.) Plaintiff maintains that Defendant was properly served and that the Clerk properly entered default against Defendant for failing to timely answer. (Id. at 16.) Further, Plaintiff states that default judgment is appropriate because Defendant has not set forth a meritorious defense, because Plaintiff would be otherwise prejudiced, and because Defendant is culpable in his failure to respond. (Id. at 18-23.) For these reasons, Plaintiff asserts that the Court should award it $25,875.00 plus interest at the rate of ten percent since November 30, 2006. (Id. at 22.)

     B.    **Standards of Review**

        1.    **Extension of Time to File Answer**

Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. PRO. 6(b). Excusable neglect is defined as "requiring a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time

4

specified in the rules. . . . '[H]alf hearted efforts at service' and 'inadvertence of counsel' do 'not amount to good cause.'" McCrae v. KLLM Inc., 89 Fed. Appx. 361, 364 (3d Cir. 2004) (citing Braxton v. United States, 817 F.2d 238, 241 (3d Cir. 1987)).

### 2.  Default Judgment

Default is governed by Federal Rule of Civil Procedure 55.  FED. R. CIV. P. 55.  Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  FED. R. CIV. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)."  Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, No. 07-1522, 250 F.R.D. 171, 177, 2008 U.S. Dist. LEXIS 28324 (D.N.J. April 7, 2008) (citation omitted).  "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred."  Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 U.S. Dist. LEXIS 28066 (D.N.J. April 1, 2008) (citing Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1983)).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default."  Doug Brady, 250 F.R.D. at 177 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir.1987) (stating that "we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such

judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." Id. (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir.1984)) .

### C. Analysis

As an initial matter, the Court denies Defendant's Motion for an Extension of Time to File Answer. Defendant has not adequately shown excusable neglect, or in other words, that Defendant acted in good faith and stated a reasonable basis for noncompliance in filing an answer. Rather, Defendant has noted that the matter was appealed. This is not true; no appeal was filed with respect to this matter. This is the second time that Defendant failed to timely file answer, and the Court notes that inadvertence of counsel does not warrant an extension when such an application is made after the date on which the answer was due. For these reasons, Defendant's motion is denied.

Turning to Plaintiff's Motion for Default Judgment, the Court will grant the motion. The Office of Clerk of this Court granted Plaintiff's request for an entry of default under Federal Rule of Civil Procedure 55(a). See Husain v. Casino Control Comm'n, No. 07-3636, 2008 U.S. App. LEXIS 3700, at *4 (3d Cir. Feb. 20. 2008) (stating that "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)"). See also Bank of Nova Scotia v. James, No. 2005-08, 2008 U.S. Dist. LEXIS 79240 (V.I. Oct. 8, 2008); Mims v. McCall, No. 06-4551, 2008 U.S. Dist. LEXIS 43092 (D.N.J. June 2, 2008); 10A Charles Alan Wright, Federal Practice and Procedure § 2682 (2007) (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule

55(b)(2), there must be an entry of default as provided by Rule 55(a)"). Although Entry of Default was entered on April 29, 2009, Defendant proceeded to file a Motion for Extension of Time to File Answer on August 26, 2009, approximately four months later. However, as this Court previously determined, Defendant's motion was denied because he failed to show the requisite "excusable neglect." Accordingly, pursuant to the Order that this Memorandum Opinion accompanies, and for the reasons previously discussed herein, the Court denied Defendant's motion.

      Plaintiff alleges in its Complaint a cause of action for breach of contract. Plaintiff states that "[o]n October 21, 1996, the defendant signed the LPA to be a Private Limited Partner in Penny Lane"; that "[t]he balance owed by the defendant as a Private Limited Partner is the unfunded capital commitment in the amount of $25,875.00"; that Defendant was "issued an unfunded capital commitment demand letter dated October 31, 2006 demanding payment of the amount of $25,875.00"; that "no payment has been made by the defendant"; that the LPA states that "any Private Limited Partner's failure to pay the amount due from the date due pursuant to the capital call notice for payment . . . shall be charged ten percent (10%) interest from the date the unfunded capital commitment was due"; and that for these reasons, the Court should grant default judgment in favor of Plaintiff. (Compl. ¶¶ 7, 10, 15 to 17; Doc. No. 1.)

      The Court concludes that Default Judgment is appropriate here. First, Plaintiff's unchallenged facts, which the Court accepts as true, set forth a legitimate cause of action. See Signs, 2006 U.S. Dist. LEXIS 56456 at * 6. In addition, Defendant has not offered any opposition to the Motion for Default Judgment, and therefore, the Court concludes that the Defendant has not offered information regarding the existence of a meritorious defense. The

proposed answer that Defendant submitted in concert with his Motion for an Extension of Time to File Answer summarily denied the facts set forth in the Complaint and did not provide any other detail or facts concerning a meritorious defense.  Moreover,  the facts as alleged in the Complaint provide no indication of a meritorious defense.  Plaintiff has been prejudiced in that this action was filed on May 9, 2008, as an ancillary matter to another case before this Court, and Plaintiff has also been prejudiced because Defendant has failed to properly respond in any substantial way to the allegations.  Defendant's failure to meaningfully participate in this litigation compels this Court's grant of default judgment.  The Court concludes that Defendant is culpable in respect to his failure to respond in a timely fashion and in his failure meet his obligations under the LPA.

      Turning to damages, Plaintiff has provided the Court with a copy of the LPA, signed by Jackie Herbst, indicating that the amount of Herbst's total commitment was $920,000.00 at the time of signing.  (Doc. No. 18-4.)  Plaintiff has also provided the Court with an Assignment and Assumption Agreement, signed by Defendant, in which it is indicated that Jackie Herbst on September 12, 1997, assigned $115,000.00 to Defendant, which the Agreement states is "12.5% of the Assignor's right, title, interest on the date hereof, in the Partnership."  (Doc. No. 18-6.)  Plaintiff has also provided Defendant's Schedule K-1 tax documents for the years 1997 through 2005.  Box J(b) of these forms indicates that Defendant declared a total of $89,125.00 capital contributed.  (Doc. No. 18-7.)  The demand letter subsequently sent to Defendant, dated October 31, 2008, states these figures exactly.  (Doc. No. 18-8.)  Specifically, the demand letter states that total amount Defendant had contributed to date was $89,125.00, that Defendant's total commitment was $115,000.00, and that therefore, the amount due is $25,875.00.  The Court

accepts these proofs, and therefore determines that damages are due in the amount demanded of $25,875.00 plus ten percent (10%) interest from the date due, October 31, 2006.

### III.     CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion for an Extension of Time to File Answer and will grant Plaintiff's Motion for Default Judgment.  An appropriate form of order accompanies this opinion.

Dated: March 19, 2010

　　s/ Garrett E. Brown, Jr.　　　　
GARRETT E. BROWN, JR., U.S.D.J.
